(No. 3376—

FOSTER R. CLARKE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1939.*

BURKE & SCHENK, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award of One Thousand Five Hundred ($1,500.00) Dollars for damages to his automobile and for personal injuries alleged to have been caused by the negligent and wrongful acts of a State Highway employee while operating a snow plow. Claimant alleges that at 12:30 A. M., February 1, 1938, he was driving his car in a northerly direction on Route No. 66 in Grundy County, Illinois, and that although he was in the exercise of due care and caution, the Highway Department employees, C. J. Barnes and John Green, negligently and carelessly ran against his car with the snow plow which they were then operating.

The Attorney General has filed a Motion to Dismiss the Complaint on the ground that same does not set forth a claim for which there is any basis for a legal award.

We have been forced to repeatedly hold that the State is not liable for the nonfeasance, misfeasance or malfeasance of its officers, servants, agents or employees in the discharge of their duties; that the doctrine of respondeat superior does not apply to the State, and that the State in the absence of a statute so providing, is not liable in damages for injuries resulting from the negligent or wrongful conduct of its employees.

We have also held in the construction and maintenance of its highway system the State is engaged in a governmental function, and in the absence of a statute expressly so providing, it is not liable for personal injuries or damages to property occasioned by the negligent or wrongful conduct of its employees. (See *Schultz* vs. *State*, 9 C. C. R. 96; *Bass* vs. *State*, 9 C. C. R. 120; and *Kelly* vs. *State*, 9 C. C. R. 339.)

No good purpose could be served by encouraging claimant to submit its evidence, when the claim, upon its face, would not support an award.

The motion of the Attorney General is allowed and the claim dismissed.